UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID P. YOUNCE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14CV80 HEA |
| WARREN COUNTY ELECTRIC, LLC, | ) |
| Defendant, | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. [Doc. No. 17]. Plaintiff opposes the Motion. For the reasons set forth below, the Motions is denied.

**Facts and Background[1]**

Plaintiff David Younce alleges that Defendant Warren County Electric, LLC terminated his employment because of Plaintiff's age, in violation of the Age Discrimination in Employment Act ("ADEA") and the Missouri Human Rights Act.[2] Plaintiff was 62 years old at the time of his termination.

Dennis Keith Jamison, the owner of Warren County Electric, hired Plaintiff as a warehouse manager, and he began work on April 22, 2013. Plaintiff alleges that Defendant was unaware of Plaintiff's age on that date. During a casual conversation between Plaintiff and Mr. Jamison on April 26, 2013, Mr. Jamison mentioned that he intended to work another 13 years before retiring. He expressed his assumption that Plaintiff would work a similar number of years

---

[1] **The recitation of facts is taken from Plaintiff's Amended Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.**

The Amended Complaint named Dennis Keith Jamison, doing business as Warren County Electric, as an additional Defendant. By Order entered on November 25, 2014, the Court granted Plaintiff's Motion to dismiss this Defendant. [Doc. No. 20].

before retiring. Plaintiff informed Mr. Jamison that he intended only to work three more years before retiring because he was 62 years old. Mr. Jamison was surprised by Plaintiff's age.

Defendant terminated Plaintiff's employment on September 25, 2013. Plaintiff alleges that Mr. Jamison gave him several reasons for his discharge, via text message:

> "Mostly multiple mistakes and that's just the ones I know about."
>
> "Also I think the job is to [sic] demanding for you."
>
> "And I don't think you will ever be comfortable around me knowing that I'm very demanding about your job performance and striving for perfection."

[Doc. No. 16 at ¶ 19] [alteration in original].

Plaintiff alleges that Mr. Jamison's proffered reasons were pretextual, implausible, incredible, and unworthy of belief. According to Plaintiff, his age was the true motivation for his termination.

**Standard**

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id.* at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799 (8th Cir. 2011).

## Discussion

Defendant argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff has not alleged "any kind of age animus" on Defendant's part. [Doc. No. 17 at 3]. To the contrary, Defendant contends that all of Mr. Jamison's alleged statements were "age neutral." [*Id.*]. Defendant further argues that Plaintiff has failed to rebut Defendant's "non-discriminatory reasons for [Plaintiff's] termination." [*Id.* at 4].

Under the ADEA, employers are prohibited from discriminating against employees, 40 years of age or older, on the basis of their age. *Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636–37 (8th Cir. 2011) (citing 29 U.S.C. § 623(a)(1), 631(a)). To bring a successful claim, the employee "must prove by the preponderance of the evidence that age was the but-for cause of the employment decision." *Hilde v. City of Eveleth*, ___ F.3d ___, 2015 U.S. App. LEXIS 1802, at *7 (8th Cir. Feb. 5, 2015) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)).

In the Eighth Circuit, an employee may have his ADEA claim heard by a jury in one of two ways. *McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 860 (8th Cir. 2009) (citing *McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007)). First, "[t]he employee may produce direct evidence of discrimination, which is 'evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment

action.'" *Id.* (quoting *Russell v. City of Kansas City, Mo.*, 414 F.3d 863, 866 (8th Cir. 2005)); *see also Hilde*, 2015 U.S. App. LEXIS 1802, at *8 ("Direct evidence includes circumstantial evidence if the plaintiff shows a specific link between a discriminatory bias and the adverse employment action, sufficient to support a finding by a reasonable fact-finder that the bias motivated the action.") (quoting *Togerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011), and citing *EEOC v. City of Independence*, 471 F.3d 891, 894 (8th Cir. 2006) ("To succeed on a disparate treatment claim, the plaintiff must show the employee's age 'actually played a role in [the employer's decision making] process and had a determinative influence on the outcome.'") (alteration in original) (quoting *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 141 (2000))).

Second, if an employee has no direct evidence of age discrimination, he may establish an inference of unlawful discrimination through the burden-shifting scheme of the *McDonnell Douglas* analysis, including sufficient evidence of pretext. *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468 (8th Cir. 2011) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)). A plaintiff seeking to establish the requisite inference under *McDonnell Douglas* must first establish a prima facie case of discrimination. *McCullough*, 559 F.3d at 860 "The burden of production then shifts to the employer "to articulate a legitimate, nondiscriminatory reason for discharging the employee." *Id.* If the employer is able to do so, "the employee must show that the employer's proffered reason for firing him is a pretext for unlawful discrimination." *Id.* An employee "provides sufficient evidence of pretext by showing that "the employer's explanation is unworthy of credence . . . because it has no basis in fact . . . . [or] by persuading the court that a [prohibited] reason more likely motivated the employer." *Hilde*, 2015 U.S. App. LEXIS 1802, at *9 (alterations in original) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1047 (8th Cir. 2011) (en banc)).

"To establish a prima facie case [of age discrimination under the ADEA], [Platintiff] [i]s required to show [he] '(1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting [his] employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger.'" *Holmes v. Trinity Health*, 729 F.3d 817, 822 (8th Cir. 2013) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012)). The Supreme Court has noted "it is not appropriate to require a plaintiff to *plead* facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) (emphasis added); *see also Jones v. City of St. Louis*, 555 F. App'x 641, 641 (8th Cir. 2014) ("[A]n employment-discrimination complaint need not contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim.") (citing *Swierkiewicz*, 534 U.S. at 510–12); *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014–15 (8th Cir. 2013). Further, "if an employer has articulated a legitimate reason for its actions, it is permissible for courts to presume the existence of a prima facie case and move directly to the issue of pretext." *Steward v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1043 (8th Cir. 2007).

In order to survive a 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's claims which are outlined above meet this standard in the employment discrimination context. The Court finds that Plaintiff's claims, at the very least, are "enough to raise a right to relief above the speculative level" for 12(b)(6) purposes. *Id.* at 555. As such, Defendant's Motion to Dismiss [ECF No. 17] is, at this time, denied without prejudice.

**Conclusion**

Based on the foregoing analysis, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 8] is **DENIED AS MOOT**.

Dated this 9th day of February, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE